# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL QUINN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:12-CV-2160-JCH |
| ) | |
| STATE OF MISSOURI, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of petitioner Michael Quinn's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. #8]. Having reviewed the amended petition, the Court will order petitioner to show cause as to why the Court should not dismiss the instant petition as time-barred under 28 U.S.C. § 2244(d)(1).

### **The Amended Petition**

Petitioner states that on January 13, 1993, he was convicted of second degree murder in the 22nd Judicial Circuit Court in St. Louis, Missouri. The Missouri Court of Appeals affirmed the conviction. Petitioner states his post-conviction motion was denied, and this judgment was affirmed on January 24,

1994.  In the instant action, petitioner claims that he was "sentenced under the incorrect statute."

## Discussion

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for a writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief.

A review of the instant petition indicates that this action is time-barred under 28 U.S.C. § 2244(d)(1)[1] and is subject to summary dismissal.  Petitioner's post-conviction motion was affirmed in 1994; however, the instant application for federal habeas corpus relief was not signed until November 7, 2012, well after the running of the one-year limitations period.

Petitioner states that this action is untimely because he is "elderly and is under the doctor's care."  He states that due to "his illness," he was not "aware that he could still appeal this matter to a higher court."  He also states that he is a layman and has no one to assist him.  It is axiomatic that equitable tolling of the AEDPA's one-year limitations period for filing a petition for writ of habeas corpus

---

[1]Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April 24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitations period to petitions for writs of habeas corpus.

in federal court requires "extraordinary circumstances." *See, e.g.*, *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (equitable tolling proper only when extraordinary circumstances beyond prisoner's control make it impossible to file timely petition). Petitioner's claims relative to the timeliness of the instant action do not establish extraordinary circumstances required for equitable tolling. *Cf. Rios v. Mazzuca*, 78 Fed.Appx. 742 (2nd Cir. 2003)(no tolling due to prisoner's alleged illness where he produced no documentation showing that during period in which he could have filed federal habeas petition he was so incapable of rational thought that he could not appreciate his situation, or he lacked the wherewithal to ascertain he must take legal steps). Because petitioner has not advanced an explanation that would warrant tolling of the one-year statute of limitations, the Court will order him to show cause within thirty days of the date of this Order as to why this matter should not be dismissed as untimely. Petitioner is warned that if he does not respond to this Order by the deadline set forth below, this action will be dismissed without further notice to him.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant petition appears to be time-barred under 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant application for a writ of habeas corpus as time-barred.  Petitioner's failure to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action as time-barred.

Dated this 24th day of April, 2013.

>                /s/Jean C. Hamilton
>                **UNITED STATES DISTRICT JUDGE**